**00-7274**
**CIV-MORENO**

**MAGISTRATE JUDGE**
**DUBÉ**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DOROTHY ANN JACQMEIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DOUGLAS H. NEIMAND, )<br>individually; and )<br>DOUGLAS H. NEIMAND, M.D., )<br>P.A., a Florida corporation, )<br>)<br>)<br>Defendants. )<br>_____) | **COMPLAINT FOR DAMAGES:**<br>**COLLECTIVE ACTION** |

Plaintiff, DOROTHY ANN JACQMEIN (hereinafter referred to as "JACQMEIN"), sues Defendant DOUGLAS H. NEIMAND, individually, and Defendant DOUGLAS H. NEIMAND, M.D., P.A., a Florida Corporation (hereinafter referred to as "Defendants"), and alleges:

## INTRODUCTION

1. This is an action by JACQMEIN, against her former employer for unpaid overtime pursuant to the Fair Labor Standards Act: Plaintiff, on behalf of herself and all other similarly situated employees, seeks damages, costs, prejudgment interest, and a reasonable attorney's fee.

1



## JURISDICTION

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, et. seq. The Court has jurisdiction over claims pursuant to 29 U.S.C. 1331, 1343 (4) and 29 U.S.C. 216 (b).

3. Venue is proper, as the claim arose in Broward County, Florida.

## PARTIES

4. Plaintiff, JACQMEIN, was at all times material an employee of Defendants.

5. Defendants are, and at all times material to this Complaint have been, engaged in the medical services industry in Broward County, Florida, and each is an employer as defined by 29 U.S.C. § 203 (d), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206, in the facility where Plaintiff was employed.

## COUNT FOR UNPAID OVERTIME

6. Plaintiff realleges, as if fully set forth in Count I, the allegations 1 – 5.

7. Since in or about August, 1997, Defendants have violated the provisions of the FLSA, 29 U.S.C. § 207 and § 215 (a)(2), by employing employees engaged in medical services office personnel labor for workweeks longer than 40 hours, without compensating such employees for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically, JACQMEIN worked in excess of 40 hours during many weeks in the period June 1, 1999 through June 28, 2000 and was not compensated for her employment in excess of 40 hours at rates not less than one and one-half her regular rate.

8. Plaintiff sues, pursuant to 29 U.S.C. § 216 (b), on behalf of herself and as a representative of all other persons similarly situated, to wit: all current and former employees of

2

Defendants who work or worked longer than 40 hours without receiving compensation for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed. For the proper maintenance of this action as a collective action representation under 29 U.S.C. § 216 (b), Plaintiff alleges the following:

A. Defendants' policy of not paying their employees overtime for hours worked in excess of 40 hours each week is willful, unlawful, and company-wide, and each hourly employee employed by Defendants during the relevant period during the three years prior to September 5, 2000 has been deprived of overtime, similar to the named Plaintiff, JACQMEIN.

9. The failure to pay overtime to JACQMEIN and the other similarly-situated employees, on information and belief, was willful or reckless, and unlawful, in that the employees are not exempted from the overtime provisions of the FLSA pursuant to the provisions of 29 U.S.C. § 213 (a), in that they neither were:

A. Bona Fide executive, administrative or professional employees, or

B. Paid on a salary basis.

10. Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), as are each of the other similarly-situated employees, to recover from Defendants:

A. Her unpaid overtime compensation;

B. As liquidated damages, an amount equal to the unpaid overtime compensation she is owed;

C. The costs of this action;

D. Prejudgment interest; and

E. A reasonable attorney's fee.

WHEREFORE, Plaintiff, JACQMEIN, prays that this Court will grant judgment :

3

      A.    Awarding JACQMEIN, and each similarly-situated employee who opts in to this action, payment of overtime compensation found by the Court to be due under the FLSA;

      B.    Awarding Plaintiff an additional equal amount as liquidated damaged for Defendants' willful violation of the FLSA;

      C.    Awarding Plaintiff her costs, a reasonable attorney's fee, and prejudgment interest, and;

      D.    Granting such other and further relief as is just.

### DEMAND FOR JURY TRIAL

Plaintiff JACQMEIN hereby demands trial by jury on all issues so triable by right.

Dated:  September 5, 2000      Respectfully submitted,

                                          PETER T. MAVRICK, ESQ.
                                          Attorney for Plaintiff Dorothy Ann Jacqmein
                                          One East Broward Boulevard
                                          Suite 700
                                          Fort Lauderdale, Florida 33301
                                          Telephone:  (954) 564-2246

                                  BY: *[signature]*
                                          Peter T. Mavrick
                                          FL Bar No.: 0083739

# CIVIL COVER SHEET

00-7274

00-cv-07274-FAM Document 1 Entered on FLSD Docket 09/06/2000 Page

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Dorothy Ann Jacqmein

**DEFENDANTS** CIV-MORENO
Douglas H. Neimand, M.D., P.A.
Douglas H. Neimand MAGISTRATE JUDGE
- DUBE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

+ 00CV7274 MCKENC Dube

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Peter T. Mavrick; Tel. (954) 564-2246
Suite 700, One East Broward Boulevard
Fort Lauderdale, FL 33301

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury – Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / PERSONAL PROPERTY | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | / ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| B☐ 220 Foreclosure | ☐ 442 Employment / B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **HABEAS CORPUS:** B☐ 530 General | | | |
| ☐ 240 Torts to Land | / A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions A OR B |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / B☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / B☐ 550 Civil Rights | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | |
| | / B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
29 U.S.C. § 201, et seq.
Overtime wages under the Fair Labor Standards Act

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: September 5, 2000
SIGNATURE OF ATTORNEY OF RECORD: Peter T. Mavrick

FOR OFFICE USE ONLY
RECEIPT # 520352    AMOUNT $150.00    APPLYING IFP _____    JUDGE 09-05-00    MAG. JUDGE _____